GEORGE A. HECHT AND GEORGE ITTNER, IMPLEADED WITH THOMAS MEARNS v. ARMINA FERRIS AND WILLIAM FERRIS.

*Action for rent on appeal bond in proceedings for recovery of land—Assignment of lease—Evidence in bar.*

In an action for rent based on the condition of the appeal bond in proceedings for the recovery of the land, it was *held*, that proof of the writ of restitution was proper if it was served, and immaterial if complainant got possession without it.

Sureties on an appeal bond, being sued alone, did not plead the non-joinder of their principal, in abatement, but the court set aside a default for the non-joinder and allowed an amendment. On a new summons the principal was defaulted, but the sureties pleaded the general issue to the amended declaration, and went to trial, without legally objecting to it. *Held*, that on error they could not raise any question about the propriety of the new pleading.

An action for rent was brought on the condition of the appeal bond in proceedings to recover the land from the tenant. In bar of recovery proof was offered of an execution sale of the property against one of the lessors in favor of one of the sureties, and of a judgment in favor of the same surety in summary proceedings against the same lessor and the lessee for the possession of the same premises. But the lessee had enjoyed the premises for a certain period and neither he nor his lessor had been ousted. *Held*, that the proof was properly ruled out.

In an action for rent against the sureties on an appeal bond bringing up proceedings for the recovery of the premises leased by a man and his wife, an order payable out of the rent, signed by the man but not by his wife, and drawn upon the tenant, was held inadmissible where there was no assignment of the lease by both lessors.

One of two lessors, even if the other be his wife, cannot assign the lease.

An action for rent must be brought in the names of the lessors if the lease has not been assigned.

A tenant who has accepted his lease from several lessors jointly cannot inquire into their individual interests so long as he remains in possession undisturbed.

Error to Bay. Submitted Jan. 13. Decided Jan. 26.

DEBT on bond. Defendants bring error. Affirmed.

*A. C. Maxwell* for plaintiffs in error.

*McDonell & Mann* for defendants in error.

CAMPBELL, J. This is an action for rent under the condition of an appeal bond in proceedings for the recovery of land, removed from a commissioner into the circuit court for Bay county.

On the 26th of February, 1876, a lease was made by defendants in error, who are husband and wife, of a hotel and furniture to Mearns for a year from March 1st at $1000 a year in monthly instalments. He remained in possession till August 26th, and absconded. In May, 1878, proceedings were begun to remove him for non-payment of rent, and judgment of restitution given which was appealed, and the bond in suit executed. In the appellate court judgment of restitution was given in September, and the writ served and restitution made in January, 1879. There was no proof of any different possession by any other person, but Ferris and wife are said to have got in on the 26th of August. Some objection was made to proof of the writ of restitution, but it was proper if served, and immaterial if the parties had got in without it.

Suit was brought on the appeal bond against the sureties alone. They did not plead in abatement the non-joinder of Mearns, but after default the circuit court set it aside for the non-joinder but allowed an amendment, and a new summons was issued to reach him and he was defaulted. The other defendants pleaded the general issue to the amended declaration, and went to trial on it. They cannot now raise any question about the propriety of the new pleading, to which it does not appear they ever objected in any legal way below.

On the trial a recovery was had for rent up to August 26th, 1878, from May 2, which was the time during which it was unpaid. The defendants sought to prove two transactions in bar of it, which were an execution sale against William Ferris in favor of George A. Hecht, one of the plaintiffs in error, wherein the deed was dated March 8th, 1878; and summary proceedings against Mearns and William Ferris on which judgment in favor of Hecht was rendered, August 9, 1878, but no writ of restitution ever issued. Both of these were properly ruled out, inasmuch as Mearns enjoyed the premises till August, 1878, and neither he nor Ferris was ousted.

An order on Mearns for $450 payable out of the future rents to Hecht and accepted by him, dated April 25th, and signed by Ferris, and not by his wife, was also ruled out, and we think properly. There was no assignment of the lease, or of any more than a part of the rent, and Ferris alone could not make an assignment. No suit for rent, where the lease is not assigned, can be brought in the name of any but the lessors. They may be responsible to some one else for what they recover, if they have made any charge upon it, but they must sue for it themselves. The lease being accepted from the two jointly as lessors, the tenant could not inquire into their individual interests, so long as he remained in possession undisturbed; and no such inquiry is open in this action for rent, during his occupancy.

Objection was made against recovering rent as far back as May. But the bond sued on secured by its terms all rent due or to become due from Mearns, and this rent was all due.

No exception was taken to the charge or in any other way, whereby the objection was presented that the rent should be apportioned on account of the furniture, and therefore we need not inquire whether the lessee of a furnished house, under such a bond as this, can claim a reduction for the furniture when his rent is all in default.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.